## APRIL TERM, 1897.

### TRUMBULL, RECEIVER, v. MAKEEVER.

ACTIONS AGAINST UNITED STATES COURT RECEIVERS—LEAVE TO SUE.
A receiver appointed by a court of the United States may be sued in
any court of competent jurisdiction in respect of any act or trans-
action of his in carrying on the business connected with the prop-
erty, without previous leave of the court by which he was appointed,
and an action so commenced may be prosecuted to judgment.  (Sup.
R. S. U. S., p. 614.)

*Appeal from the County Court of Arapahoe County.*

Messrs. PATTISON, EDSALL & HOBSON and Mr. E. E.
WHITTED, for appellant.

Mr. OSCAR REUTER, for appellee.

THOMSON, J., delivered the opinion of the court.

Frank Trumbull was duly appointed receiver of the Union
Pacific, Denver & Gulf R. R. Company, by order of the cir-
cuit court of the United States for the district of Colorado,
on the 12th day of December, 1893.  On the 19th day of
May, 1894, E. F. Van Vleet, a laborer on the lines of railway
operated by the receiver, and in the employ of the receiver,
being indebted to the plaintiff, M. M. Makeever, assigned
to the latter, in writing, all demands which he then had,
or might thereafter have, against the receiver, on account
of his employment.  On July 2, 1894, the assignment was
delivered to the receiver's paymaster, and by him turned over
to the treasurer, with whom it remained until this action was
brought.  On July 2, 1894, the receiver was indebted to Van
Vleet in the sum of $77.80, for wages earned by him during
the month of June, 1894, no part of which was paid to Van

Vleet until August 4, 1894. Between the 16th and 20th of July, 1894, the plaintiff made a demand upon the paymaster for the payment to him of those wages, but the paymaster refused payment, in obedience, as he alleged, to an order from the auditor of the receiver. This suit was brought before a justice of the peace, who gave the plaintiff judgment by default for $70.15. The receiver appealed to the county court, where, upon trial, judgment was rendered against him for $60.45. From that judgment he has appealed to this court.

The position taken in behalf of the defendant is that the remedy of the plaintiff was by petition to the court appointing the receiver, and that he could not, without leave given by that court, bring his suit elsewhere. The defendant introduced in evidence the following letter from the judge by whom the receiver was appointed:

"OFFICE OF UNITED STATES MARSHAL,
    "DISTRICT OF COLORADO.
            "DENVER, COLO., August 4, 1894.
"A. D. PARKER, ESQ.,
    "*Dear Sir :*—Notwithstanding any claim on the part of any assignee, you are authorized to pay to E. F. Van Vleet any money due him for services from the U. P., D. & G. Co.
            "Very truly,
                    "MOSES HALLETT."

With the general doctrine applicable to proceedings against receivers, as the defendant's counsel have stated it, we have no controversy. Funds and property in the hands of a receiver are in the custody of the court, and subject to its orders, and, in the absence of statutory provision to the contrary, the receiver cannot be sued in another court, unless by leave of the court appointing him. But by section 3 of the act of congress of March 3, 1887, as corrected by the act of August 13, 1888, (Sup. R. S. U. S., p. 614,) every receiver, appointed by a court of the United States, may be sued in

respect of any act or transaction of his in carrying on the business connected with the property, without the previous leave of the court by which such receiver was appointed ; the suit to be subject to the general equity jurisdiction of the appointing court, so far as the same shall be necessary to the ends of justice. Chief Justice Fuller, in *Railway v. Johnson*, 151 U. S. 81, said, in relation to the action authorized by this section : "Necessarily such suit may be brought in any court of competent jurisdiction, and proceed to judgment accordingly."

The letter of Judge Hallett does not, on its face, purport to be an order of the court, or of a judge of the court; but even if it were such, we do not understand the theory upon which it was introduced. It was not in the power of the court to nullify an act of congress ; neither could it make a valid disposition of the claim of a party who was not before it. Speaking with reference to the act under consideration, Judge Caldwell, in his opinion in *Trust Co. v. St. L., A. & T. Ry. Co.*, 40 Fed. Rep. 426, used this language :

"The act abrogates the old rule on the subject of suing receivers. It is no longer unlawful to sue a receiver appointed by the United States court, without leave of the court appointing the receiver. The court now has no discretion to say when its receiver may be sued. The act gives the right without condition or qualification. It is a right not to be nullified, evaded or abridged. No conditions can be imposed on its exercise. The court must give effect to the act. It has no discretion to do anything else."

The last portion of the section subjects the suit, so far as may be necessary to the ends of justice, to the general equity jurisdiction of the court in which the receiver was appointed. No opinion upon the effect of that provision is necessary in this connection, and we shall say nothing concerning it, except that it is part of an enactment which grants the right to sue, and consequently the right to obtain judgment; and we cannot assume that it was intended to impair, in any degree, the right bestowed, or interfere with its exercise. Upon

this subject we quote the following from the opinion of Chief Justice Fuller delivered in the case first cited:

"Certainly the preservation of general equity jurisdiction over suits instituted against receivers without leave does not, in promotion of the ends of justice, make it competent for the appointing court to determine the rights of persons who are not before it or subject to its jurisdiction; and the right to sue without resorting to the appointing court, which involves the right to obtain judgment, cannot be assumed to have been rendered practically valueless by this further provision in the same section of the statute which granted it."

The assignment of the claim invested the assignee with all the rights of his assignor in relation to it. The plaintiff became its owner, and entitled to the same remedies upon it which Van Vleet would have had if there had been no assignment. The plaintiff brought his action in a court of competent jurisdiction, and, in due order of proceeding, recovered judgment; and, unless the act of congress is meaningless, —a supposition which no court is authorized to entertain,— the judgment must stand.

As the only error alleged is the rendition of this judgment, and as the judgment was rendered in accordance with law, it must be affirmed.

*Affirmed.*